14109/2014 SUMMONS & VERIFIED COMPLAINT                                                                                      Page 1 of 9



ORIGINAL

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS                                              Index No. 14109/14
--------------------------------------------------------------x
STATE FARM FIRE AND CASUALTY INSURANCE
COMPANY, AS SUBROGEE OF ISAAC DOUEK,          **SUMMONS**

                                   Plaintiff(s),             Plaintiff's Business Address:
           -against-                                         400 Northern Blvd., Whitestone,
                                                             NY 11357
WATTS WATER TECHNOLOGIES, INC. and
DURAPRO,                                                     The basis of the venue designated
                                   Defendant(s)              is: Plaintiff's place of business:
--------------------------------------------------------------x  Whitestone, NY

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** and required to appear in the Supreme Court of the City of New York, COUNTY OF QUEENS, at the office of the Clerk of the said Court at 88-11 Sutphin Boulevard, Jamaica, New York, in the County of Queens, State of New York 11435, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of **$140,779.77** with interest thereon from 8/18/12 together with the costs of this action.

Dated: Mineola, New York
       September 4, 2014                    Yours, etc.

                                               NICOLINI, PARADISE, FERRETTI & SABELLA
                                               Attorneys for Plaintiffs

                                               By: _____
                                                 EMILY ASHMAN
                                                 POB 9006
                                                 114 Old Country Road, Suite 500
                                                 Mineola, New York 11501-9006
                                                 (516) 741-6355
                                                 Our File No.: S14-0506 DB

Defendant's Address:
Watts Water Technologies, Inc.
815 Chestnut Street
North Andover, MA 01845-6098
**NOTE: THE LAW PROVIDES THAT:**
(a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or
(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by the publication, or by all means other than personal delivery to you within the City of New York you are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.
(c) You are required to file a copy of your answer together with proof of service with the clerk of the court in which the action is brought within ten days of the service of the answer.
**If you were insured on the date of this incident, you should immediately advise your insurance carrier of the contents of this Summons.**

Printed: 9/29/2014

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS                                                    Index No.
-------------------------------------------------------------------x
STATE FARM FIRE AND CASUALTY INSURANCE
COMPANY, AS SUBROGEE OF ISAAC DOUEK,         **COMPLAINT**

                              Plaintiff(s),

     -against-

WATTS WATER TECHNOLOGIES, INC. and
DURAPRO

                              Defendant(s)
-------------------------------------------------------------------x

Plaintiff(s), by its attorneys, NICOLINI, PARADISE, FERRETTI & SABELLA, PLLC, complaining of the defendant(s), alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT(S) WATTS WATER TECHNOLOGIES, INC. AND DURAPRO

1. That during the time herein stated and hereinafter mentioned, the plaintiff was and still is an insurance company duly authorized and licensed to transact business within the State of New York.

2. Upon information and belief, that during the time heretofore and at all times hereinafter mentioned the defendant(s) WATTS WATER TECHNOLOGIES, INC. and DURAPRO was/were and still is/are a foreign corporation transacting business in the State of New York.

3. The plaintiff is a Subrogee of ISAAC DOUEK, who owns the premises at 2267 East 4th Street, Brooklyn, New York ("the subject premises").

4. Upon information and belief, plaintiff's subrogor had a 7/8" toilet compression coupling nut (hereinafter referred to as coupling nut) in his water supply line that malfunctioned, causing a water leak and resulting water damage to the premises of plaintiff's subrogor on August 18, 2012.

5. Due to and wholly and solely by reason of the carelessness and negligence of the defendant(s), their servant(s), agents and/or employee(s) in the servicing, design, testing, inspection,

manufacture, promotion, distribution, assembly, installation, use and/or and sale of said coupling nut on or before August 18, 2012, the plaintiff sustained property and other related damages totaling $140,779.77.

6. Pursuant to an insurance agreement, the plaintiff reimbursed the plaintiff's subrogor ISAAC DOUEK for all the aforementioned damages exclusive of the subrogor's deductible.

7. By reason of the foregoing, the plaintiff, STATE FARM INSURANCE COMPANY as Subrogee of ISAAC DOUEK, has been damaged in the sum of $140,779.77.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT(S) WATTS WATER TECHNOLOGIES, INC. AND DURAPRO

8. The plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "7" inclusive, with the same force and effect as is hereinafter set forth at length.

9. Upon information and belief, the defendant(s) WATTS WATER TECHNOLOGIES, INC. and DURAPRO knew that the aforesaid coupling nut would be used by others and by members of the general public for its intended purposes, without inspection for defects, and by placing it on the market and by offering it for use by others and by members of the public it did represent and warrant that the coupling nut would be safe without defects and malfunctions and that the said coupling nut was merchantable and reasonably fit for the ordinary purpose for which it was intended.

10. Contrary to its representation and warranties, the said coupling nut was serviced, designed, tested, inspected, manufactured, promoted, assembled, installed, and/or sold by or on behalf of defendant(s) WATTS WATER TECHNOLOGIES, INC. and DURAPRO to the public by these defendant(s) and was in fact defective, unsafe, unmerchantable, dangerous and otherwise unfit for its intended ordinary purposes by reason of the defects stated above.

11. The plaintiff was unaware of the defects of the said coupling nut which made it defective, unsafe, unmerchantable, dangerous and otherwise unfit for its intended and ordinary purposes.

12. On August 18, 2012, plaintiff's subrogor was properly utilizing said plumbing when suddenly and without any warning the coupling nut malfunctioned causing a leak to occur in the subject premises.

13. The said damages were caused as a direct result of defects existing in the coupling nut due to defendant(s) WATTS WATER TECHNOLOGIES, INC. and DURAPRO's breach of warranties as aforementioned.

14. Notice of the above was given to defendant WATTS WATER TECHNOLOGIES INC and DURAPRO, INC., their agent(s), servant(s) and/or employee(s) as soon as practical after the breach of representations and warranties.

15. As a result of the foregoing, the plaintiff, has been damaged in the sum of $140,779.77.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT WATTS WATER TECHNOLOGIES, INC. AND DURAPRO

16. The plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "15" inclusive, with the same force and effect as if hereinafter set forth at length.

17. Upon information and belief, prior to the 18th day of August, 2012, defendant WATTS WATER TECHNOLOGIES, INC. and DURAPRO, their agent(s) and/or employee(s) had caused, engaged in, and/or brought about the design, construction, assembly, and manufacture of a certain coupling nut.

18. Upon information and belief, the product was thereafter caused to be shipped and/or delivered by the defendant(s) from the place of its manufacture and caused it to be delivered to a place or point within the State of New York.

19. Upon information and belief, defendant(s), in producing and manufacturing the product and/or causing it to be shipped and delivered to a point or place within the State of New York anticipated and/or contemplated its eventual sale, among other possibilities.

20.   The said coupling nut was by its design and/or construction and/or manufacture and/or assembly inherently defective.

21.   The product was thus defective while it was in the possession and/or control of the defendant(s).

22.   Defendant(s), in producing the coupling nut, was bound to anticipate and was charged with the knowledge that it would be presented to the general public for its use; and that the product was by its nature a device inherently defective and dangerous to its user.

23.   At the time and place set forth above, the product was being used for its intended purpose and in its normal manner.

24.   At the time and place of its use, as set forth above, the said coupling nut did not perform in the manner as it was intended to by reason of and in consequence of the existence and/or coming into play of the defect, causing damages to the premises of plaintiff's subrogor's, in the sum of $140,779.77.

25.   By reason of the occurrence to the plaintiff, the defendant(s) are liable to the plaintiff who was caused to incur damages by reason of the defect in the aforementioned products; and which defect was the sole and/or substantial cause and/or factor in bringing about the damages.

26.   Such liability exist by reason of the doctrine of strict liability in tort, binding upon the defendant.

27.   By reason of the foregoing, the plaintiff has been damaged in the sum of $140,779.77.

**WHEREFORE**, plaintiff demands Judgment against the defendant(s) in the sum of $140,779.77, together with costs, disbursements, and interest and for such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
       September 4, 2014

Yours, etc.
NICOLINI, PARADISE, FERRETTI & SABELLA
Attorneys for Plaintiffs

By: _____
EMILY ASHMAN
POB 9006
114 Old Country Road, Suite 500
Mineola, New York 11501-9006
(516) 741-6355
Our File No.: S14-0506 DB

PLEASE FORWARD THESE DOCUMENTS TO YOUR INSURANCE CARRIER

## AFFIRMATION BY ATTORNEY

STATE OF NEW YORK )
)ss.:
COUNTY OF NASSAU )

The undersigned, as attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for plaintiff in the within action; that affirmant has read the foregoing **SUMMONS** and **COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by plaintiff is that plaintiff does not maintain its place of business in the County in which affirmant maintains his office.

The grounds of belief as to all matters not stated upon deponent's knowledge or documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the plaintiff.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Mineola, New York
September 4, 2014

EMILY ASHMAN

STATE OF NEW YORK, COUNTY OF ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification** — certify that the annexed has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation** — say that: I am the attorney of record, or of counsel with the attorney(s) of record, for                . I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

........................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF ss:
being sworn says: I am

☐ **Individual Verification** — in the action herein; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the          of

☐ **Corporate Verification** — a corporation, one of the parties to the action; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on          , 20

........................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF ss:
being sworn says: I am not a party to the action, am over 18 years of age and reside at
On          , 20   , I served a true copy of the annexed
in the following manner:

☐ **Service by Mail** — by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Personal Service** — by delivering the same personally to the persons at the address indicated below:

☐ **Service by Facsimile** — by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Service by Electronic Means** — by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

☐ **Overnight Delivery Service** — by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on          , 20

........................................................
*(Print signer's name below signature)*

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

*Index No.* *Year 20*

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF Queens

---

STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, AS SUBROGEE OF ISAAC DOUEK,

Plaintiff(s),

-against-

WATTS WATER TECHNOLOGIES, INC.,

Defendant(s)

---

**SUMMONS AND COMPLAINT**

---

NICOLINI, PARADISE, FERRETTI & SABELLA, PLLC
*Attorneys for*

114 OLD COUNTRY ROAD
POST OFFICE BOX 9006
MINEOLA, NEW YORK 11501
(516) 741-6355

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* .......................... Signature ..........................

Print Signer's Name..........................

---

*Service of a copy of the within* *is hereby admitted.*

*Dated:*

..........................
*Attorney(s) for*

---

*PLEASE TAKE NOTICE*

Check Applicable Box

☐ NOTICE OF ENTRY — *that the within is a (certified) true copy of a entered in the office of the clerk of the within-named Court on 20*

☐ NOTICE OF SETTLEMENT — *that an Order of which the within is a true copy will be presented for settlement to the Hon. , one of the judges of the within-named Court, at 20 , at M.*

*Dated:*

NICOLINI, PARADISE, FERRETTI & SABELLA, PLLC
*Attorneys for*

*To:*

114 OLD COUNTRY ROAD
POST OFFICE BOX 9006
MINEOLA, NEW YORK 11501

*Attorney(s) for*

Queens County Clerk's Office
Paym 2237603 09/24/2014 10:31A
Cashier CDOUGLAS Register # 1
Ir.2708508 $210.00
Other
14109/2014 STATE FARM FIRE AND CA
SUALTY INSURANCE COMPANY VS. WATT
S WATER TECHNOLOGIES INC ETANO
Total: $210.00
Check $210.00