UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, AS SUBROGEE OF ISAAC DOUEK,<br><br>Plaintiff(s),<br><br>-against-<br><br>WATTS WATER TECHNOLOGIES, INC. and DURAPRO,<br><br>Defendant(s) | ECF<br>1:14-CV-06513 PKC/RLM<br><br>ANSWER<br><br>JURY TRIAL DEMANDED<br>ON ALL ISSUES |

Defendant WATTS WATER TECHNOLOGIES, INC. ("WATTS"), by and through its attorneys, Eckert Seamans Cherin & Mellott, LLC, hereby answers Plaintiff's Complaint (the "Complaint") as follows:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

1. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the complaint.

2. WATTS denies the allegations contained in paragraph "2" of the complaint as stated, but states that WATTS is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Massachusetts.

3. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the complaint.

4. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint.

5. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint concerning the accident. WATTS denies the remaining allegations and states it did not design, test, inspect, manufacture,

promote, distribute, assemble, install, use and/or sell the subject coupling nut.

6. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7. WATTS denies each and every allegation contained in paragraph "7" of the complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

8. WATTS repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "7" of the complaint with the same force and effect as though fully set forth herein.

9. WATTS denies the allegations contained in paragraph "9" of the complaint as stated and respectfully refers all issues of law and fact to the Court.

10. WATTS denies the allegations contained in paragraph "10" of the complaint, and refers all questions of law to this Court. WATTS states it did not "design[], test[], inspect[], manufacture[], promote[], assemble[], install[], use[] and/or s[ell]" the subject coupling nut.

11. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint.

12. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint.

13. WATTS denies each and every allegation contained in paragraph "13" of the complaint, and respectfully refers all issues of law and fact to the Court.

14. WATTS denies the allegations contained in paragraph "14" of the complaint, and respectfully refers all issues of law and fact to the Court.

15. WATTS denies the allegations contained in paragraph "15" of the complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

16.     WATTS repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "15" of the complaint with the same force and effect as though fully set forth herein.

17.     WATTS denies the allegations contained in paragraph "17" of the complaint which pertain to this Defendant and states it did not "cause[], engage[] in, and/or [bring] about the design, construction, assembly, and manufacture" of the subject coupling nut.

18.     WATTS denies the allegations contained in paragraph "18" of the complaint which pertain to this Defendant and states it did not cause the subject coupling nut to be "shipped and/or delivered . . .from the place of its the manufacture" or cause it "to be delivered to a place or point within the State of New York." Otherwise, WATTS lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph "18" of the complaint because of paragraph "18"'s vagueness.

19.     WATTS denies the allegations contained in paragraph "19" of the complaint which pertain to this Defendant and states it did not "produc[e] [or] manufactur[e] [the subject coupling nut] and/or caus[e] it to be shipped and delivered to a point or place within the State of New York." Otherwise, WATTS lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph "19" of the complaint because of paragraph "19"'s vagueness.

20.     WATTS denies each and every allegation contained in paragraph "20" of the complaint.

21.     WATTS denies each and every allegation contained in paragraph "21" of the complaint.

22.     WATTS denies each and every allegation contained in paragraph "22" of the

complaint.

23. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the complaint.

24. WATTS denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the complaint concerning the accident, and denies the remaining allegations.

25. WATTS denies each and every allegation contained in paragraph "25" of the complaint.

26. WATTS denies the allegations contained in paragraph "26" of the complaint, and refers all questions of law to this Court.

27. WATTS denies each and every allegation contained in paragraph "27" of the complaint.

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

28. The amended complaint fails to state a claim upon which relief may be granted.

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

29. This Court lacks personal jurisdiction over the Answering Defendant.

<b><u>THIRD AFFIRMATIVE DEFENSE</u></b>

30. The incident described in the amended complaint was caused and/or contributed to by the negligence of plaintiff's subrogor thereby barring or reducing recovery by plaintiff.

<b><u>FOURTH AFFIRMATIVE DEFENSE</u></b>

31. Plaintiffs' claims may be barred by the applicable Statute of Limitations.

<b><u>FIFTH AFFIRMATIVE DEFENSE</u></b>

32. The negligent acts or omissions of other individuals or entities may have constituted

an intervening, superseding cause of the injuries and damages alleged to have been sustained by plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

33. The alleged damages sustained by plaintiff was caused entirely by, or contributed to by, the negligent or liability-producing acts or omissions of individuals or entities other than WATTS over whom WATTS exercises no authority or control.

### SEVENTH AFFIRMATIVE DEFENSE

34. The injuries or damages alleged to have been sustained by plaintiff were not proximately caused by any acts or omissions on the part of WATTS or any of its authorized representatives.

### EIGHTH AFFIRMATIVE DEFENSE

35. Although WATTS denies the existence of a defect as alleged by plaintiff, if plaintiff has knowledge of the defect and proceeded unreasonably to make use of the product, such use bars recovery by plaintiff.

### NINTH AFFIRMATIVE DEFENSE

36. The subject coupling nut may have been misused, thereby barring any recover by plaintiff.

### TENTH AFFIRMATIVE DEFENSE

37. The subject coupling nut may have been modified or altered thereby barring any recovery by plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

38. Some or all of the damages requested in the complaint are not recoverable in this action.

{V0212748.1}

### TWELFTH AFFIRMATIVE DEFENSE

39. WATTS hereby pleads as a separate defense any and all releases entered into by plaintiff or to be entered into by plaintiff as a reduction, in whole or in part, of any damages that plaintiff may be entitled to recover from WATTS, it being specifically denied that WATTS is liable to plaintiff in any respect.

### THIRTEENTH AFFIRMATIVE DEFENSE

40. Plaintiff may have failed to give timely notice of any alleged breach of warranty as required by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

41. Although WATTS denies the existence of a defect as alleged by plaintiff, any defects, nonconformities or conditions resulted from the abuse, neglect or unauthorized modifications or alterations to the subject coupling nut by plaintiff's subrogor.

### DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that WATTS demands a trial by jury on all issues.

**WHEREFORE,** defendant WATTS demands judgment dismissing plaintiff's complaint together with such other relief as the Court deems just and proper.

Dated: White Plains, New York
November 12, 2014

Yours, etc.

*[signature]*
Candace E. Chun, Esq. (CC 2052)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
*Attorneys for Defendant*
*WATTS WATER TECHNOLOGIES, INC.*
10 Bank Street, Suite 700
White Plains, NY 10606
(914) 949-2909
cchun@eckertseamans.com

{V0212748.1}

TO: Emily Ashman, Esq.
NICHOLINI, PARADISE, FERRETTI & SABELLA, PLLC
*Attorneys for Plaintiff*
114 Old Country Road, Suite 500
Mineola, New York 11501
(516) 741-6355
e.ashman@npfslaw.com

## CERTIFICATE OF SERVICE

I, Candace E. Chun, hereby certify that on November 12, 2014, a true and correct copy of the foregoing **ANSWER** was served electronically via the Court's ECF system upon the following parties:

>Emily Ashman, Esq.
>NICHOLINI, PARADISE, FERRETTI & SABELLA, PLLC
>*Attorneys for Plaintiff*
>114 Old Country Road, Suite 500
>Mineola, New York 11501

_____
CANDACE E. CHUN, ESQ. (CC 2052)